Durand *vs.* Craig.

---

SAMUEL A. DURAND, plaintiff in error, *vs.* G. W. CRAIG, tenant, defendant in error.

Where the Court below granted a new trial on the ground of newly discovered evidence, not merely, cumulative, and the verdict of the jury not being entirely satisfactory, under the evidence disclosed in the record:

*Held,* That this Court will not control the discretion of the Court below in granting a new trial in the case.

New trial. Cumulative evidence. Before Judge HOP-KINS. DeKalb Superior Court. April Term, 1871.

This was ejectment by Doe upon the demise of Durand against Roe, casual ejector, and Craig, tenant. It was admitted that the title was in William Allen, and that he died on the 6th of September, 1862. Plaintiff's attorneys read in evidence a power of attorney made by Allen, on the 28th of April, 1862, authorizing one McLean to act as his attorney "to collect all debts, and to sell and convey by deed all

my lands," etc., and described no land. He then offered in evidence a deed made on the 3d of January, 1863, by which McLean, as such attorney-in-fact, conveyed this land to Durand. It was signed before but one witness and was not stamped, but its execution was admitted. It was objected to because it had but one witness and was not stamped. The deed was stamped and then the objection was overruled. Durand was offered as a witness and objected to because Allen was dead. The objection was overruled. Durand then testified that he bought said land from McLean, as attorney-in-fact, four or five months before his deed was taken; that under this trade, he took possession, cultivated it and exercised acts of notorious ownership over it, from that time till he refugeed in July, 1864; he paid McLean the price, $1,-000 00, in Confederate money, in full; he did not know that Allen was dead when he made the trade. By other witnesses he showed possession of the premises by his tenants during the balance of 1864, and part of 1865. Defendant showed that one Hawkins was appointed administrator of Allen, and under an order of Court for that purpose, sold said land and conveyed it to one Kirkpatrick. This deed was made on the 8th of July, 1865. Hawkins testified that Allen lived on said place, went into the Confederate army, and died in 1862; that he, Hawkins, first sold the land in April, 1864, but the purchaser failed to comply with his bid, and it was resold in July, 1864, and bought by Kirkpatrick. At that time Hawkins did not have possession of the land, and did not know who was in possession. Kirkpatrick testified that he did not know who was in possession when he bought the land, and that he did not take possession till the fall of 1865. The Court charged the jury, among other things—

1st. If the evidence in the case shows that Allen made and delivered to McLean a power-of-attorney, authorizing him to sell the land in dispute, and that under this power-of-attorney McLean did sell the land to Durand, and Durand paid to him, McLean, all the purchase-money for the

same, and went into possession of the land under that purchase, and this was all done before the death of Allen, this makes a perfect equitable title, and there being nothing further in the case, he is entitled to recover, and your verdict should be in favor of the plaintiff, for the premises in dispute.

2d. If, at the time of the purchase of the land in dispute by Kirkpatrick, at the administrator's sale, he had no notice of Durand's title, his title would be paramount to Durand's, and the verdict should be for defendant. If Durand was in possession of the land, holding it adversely, which is a possession under a claim of right, public, continuous, peaceable and exclusive, that would operate as notice of his title. This notice must be made clearly to appear by the plaintiff; the burden of proof is on him. The jury found for the plaintiff.

Defendant moved for a new trial, upon the grounds that the Court erred in not rejecting said deed and said Durand as a witness; because said first charge is erroneous; because the verdict is contrary to law and the evidence and said second charge, and because of certain newly discovered evidence. This last ground was based upon an affidavit by said Hawkins and one Pinnell, that Durand told them on the 3d of May, 1863, that he had bought said land from McLean, but had not paid for it, and the usual affidavits as to ignorance of this testimony till after the trial. The Court granted a new trial, and that is assigned as error.

L. J. WINN, for plaintiff in error: No error in admitting the deed: Cobb's N. D., 270; 17 Ga. R., 295; 29th, 26, 121, 487. Allen's death did not revoke the power of attorney till notice of the death: Cobb's N. D., 165; 28 Ga. R., 511: Story on Agency, sections 466, 467. It was right to allow the deed stamped: 39 Ga. R., 180. Durand was competent: 37 Ga. R., 586, 623; 36th, 107. A perfect equity will sustain ejectment: 20 Ga. R., 26. Durand had a perfect equity: 2 Story's Eq. Juris., sections 759 to 767;

Durand *vs.* Craig.

14 Ga. R., 683; Revised Code, sections 3131, 1940, 1941. The verdict is right, and therefore no new trial should be had: 10 Ga. R., 429; 18th, 13; 26th, 428; 31st, 351; 30th, 968; Revised Code, sections 3162, 3166. Possession alone was sufficient for this plaintiff: Revised Code, sections 2523, 3290; 5 Ga. R., 39; 7th, 100; 4th, 154. The newly discovered evidence is immaterial if possession is sufficient; if not, is but cumulative: 10 Ga. R., 511; 17th, 418; 29th, 257; 37th, 459. No diligence shown: 3 Ga. R., 332; 5th, 85; 9th, 4. It would not probably change the verdict: 22 Ga. R., 76; 26th, 233.

HILL & CANDLER, for defendant: Discretion of Judge as to new trials: 37 Ga. R., 608; 26th, 290; 30th, 968; 32d, 472; Revised Code, section 3131; 26 Ga. R., 164; 40th, 142. Two witnesses necessary to a deed: Revised Code, section 2648. Death revokes agency: Revised Code, section 2157. New trial: Revised Code, section 2663; 25th Ga. R., 184. Durand was incompetent: Revised Code, section 3788; 37 Ga. R., 118. It takes writing to convey land: Revised Code, section 1940; 3 Kelly, 3; 29 Ga. R., 17, 490; 39th, 95. Parol contracts for land enforced only by equity: Revised Code, section 3131. Discretion: Revised Code, sections 2636, ——, 2638. Newly discovered evidence: Revised Code, section 3665.

WARNER, Judge.

This was an action of ejectment brought by the plaintiff on the separate demise of Samual A. Durand, against the defendants, to recover the possession of the north half of lot of land No. 110, in the fourteenth district of DeKalb county. On the trial of the case it was admitted that William Allen was the owner of, and had the title to, the land in dispute, both parties claiming title through him. The plaintiff read in evidence a power of attorney, executed by Allen to Mc-Lean, on the 24th April, 1862, authorizing McLean to sell

the land. Also, a deed made by McLean, as the attorney, in part, of Allen, on the 23d day of January, 1863, to Durand. This deed had but one witness to it. It was admitted that Allen died in the State of Kentucky, on the 6th day of September, 1862, more than four months prior to the making of the deed by McLean, under the power of attorney executed by Allen. Allen was in the Confederate army at the time of his death. The lessor of the plaintiff claims that he has a perfect title to the land, irrespective of the deed, on the ground that he purchased the land of McLean, paid for it, and took possession thereof before the death of Allen. The evidence upon this point in the case is that of Durand, the plaintiff's lessor, and is not very full and satisfactory. The newly discovered evidence is in relation to the payment for the land, and is not *cumulative merely*, as there was no evidence offered by the defendants in relation to the non-payment for the land by the plaintiff. If the defendants, on the trial, had offered evidence as to the non-payment of the purchase-money for the land, then the newly discovered evidence in relation to that point in the case would have been *merely cumulative evidence.* The newly discovered evidence relative to the non-payment of the purchase-money for the land by the plaintiff, might have produced a different result in the finding of the jury, as that was a material question in the case. In view of the facts disclosed by the record, we cannot say that there was any abuse of the discretion vested by the law in the Court below, in granting a new trial in this case.

Let the Judgment of the Court below be affirmed.